HAMLIN, Justice:
The Court of Appeal, First Circuit, ex proprio motu issued an order, March 9, 1971, transferring the present appeal to this Court. It stated that it had examined the record and found that the following defect affected its jurisdiction to consider the appeal, “The appeal taken is incidental to a criminal action.” The matter was argued here on November 12, 1971; at that time our appellate jurisdiction was questioned, and, infra, we shall determine that issue.
The record discloses that on July 30, 1968, the Twenty-Sixth Judicial District Court for the Parish of Bossier sentenced Homer Stidham, who had been convicted of Armed Robbery, to a term of five years in the Louisiana State Penitentiary. Stidham escaped from the Penitentiary on October 29, 1968, and was thereafter apprehended and charged by Bill of Information with Simple Escape. He pleaded guilty, and on November 18, 1968, was sentenced to serve three years in the Penitentiary, said sentence to run consecutively with the sentence imposed on July 30, 1968. Habeas Corpus relief for the Armed Robbery conviction was granted Stidham by the United States District Court for the Western District of Louisiana, and on October 16, 1969, the five year sentence was declared illegal and set aside. The State of Louisiana waived its right to retry Stidham, and he remained incarcerated under his sentence for Simple Escape.
Stidham in proper person filed a Petition for Writ of Mandamus in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on August 11, 1970. Louis M. Sowers, Director, Department of Corrections, State of Louisiana, was named as defendant. Petitioner alleged in part:
“The Respondent et al, acting in conjunction with the ‘opinion’ of the Assistant Attorney General, State of Louisiana, have computed petitioner’s sentence to begin on October 16, 1969 instead of the date of imposition which is November 18, 1968, said action being in error and constituting an illegal extension of petitioner’s sentence by a ministerial officer, without judicial process, all in con *203 travention of petitioner’s absolute constitutional rights, the laws of Louisiana and inflicting cruel and unusual punishment, outlawed by Amendments Eight and Fourteen, United States Constitution, thus the writ of Mandamus should issue out of this Honorable Court, Ordering the Respondent et al., to correct your petitioner’s Official Prison Record in accordance with the Judgment and sentence of the 20th Judicial District Court of Louisiana, State of Louisiana under Criminal Docket Number 8S88-A. [Information for Simple Escape.-]”
The prayer of Stidham’s petition recited : “ * * * prays that the writ of Mandamus issued out of this Honorable Court, commanding the Respondent et al., to correct your petitioner’s Official Prison Record in accordance with the Judicial Order and Judgment of the 20th Judicial District Court, Parish of West Feliciana, State of Louisiana, reflecting the imposition of the Three (3) year sentence to the Louisiana State Penitentiary to begin on the date of imposition, November 18, 1968.”
The trial judge issued the Writ of Mandamus, ruling that Stidham’s sentence for Simple Escape commenced to run on the date it was imposed, November 18, 1968, and not on October 16, 1969, the date the sentence of July 30, 1968, was declared illegal.
The Minutes of the trial court recite that the above judgment was rendered on August 20, 1970, and was signed and filed on September 2, 1970. Pursuant to an order of suspensive appeal granted to the Director of the Department of Corrections, the appeal was filed in the Court of Appeal; the instant transfer was made on March 9, 1971.
Art. VII, Sec. 10, La.Const. of 1921, “Supervisory, original and appellate jurisdiction,” provides in part:
“The following cases only shall be appealable to the Supreme Court:
“(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
Art. VII, Sec. 10, also provides that the Supreme Court has control of, and general supervisory jurisdiction over all inferior courts.
Stidham stated that he was filing his Petition for Mandamus under Articles 3862 and 3863 of the Louisiana Code of Civil Procedure (cases in which mandamus issues and the person against whom writ directed). The matter went to trial under Stidham’s designation, and judgment was rendered with respect to the Writ of Mandamus. Nowhere in the above Article of *205 the Constitution is our appellate jurisdiction extended to appeals from a judgment of a trial court issuing a Writ of Mandamus. This matter, however, is clearly a case where a prisoner, now confined in the Louisiana State Penitentiary, is entitled to relief. Instead of applying for appropriate writs in the trial court, Stidham filed the instant pleading. It was filed in proper person by a person neither schooled in the law nor in legal procedure.
The district judge, as stated supra, rendered judgment maintaining Stidham’s position, and the Director of the Department of Corrections appealed the judgment to the Court of Appeal.
We believe and conclude that in view of the exceptional circumstances in this case, and in the interest of public justice, and since the matter will eventually reach this Court, we should pretermit the correctness of the Court of Appeal’s action in transferring this matter to this Court. The case is now here, and it becomes incumbent upon us, as before stated, in the interest of public justice, to act herein, and we do so in the exercise of our supervisory jurisdiction.
Therefore, we shall dispose of the merits of this case rather than delay justice by re-transferring it to the Court of Appeal for its decision on the so-called Petition for Mandamus.
The legal question herein involved is correctly phrased by the Director as follows, “When one is sentenced to consecutive prison sentences and the first sentence is later found to be invalid, does the consecutive sentence commence as of the date the prior sentence is deemed invalid, or does the consecutive sentence commence on the date of its imposition ?”
The Director argues that but for the Habeas Corpus relief, Stidham would have had to serve the original five years’ sentence in its entirety, and that service of the consecutive sentence should begin the date the Habeas relief became effective and not the date the consecutive sentence was imposed. He submits that a decision by this Court reversing the lower court would have the dual effect of affording Stidham the relief he was granted in Habeas Corpus and would at the same time do justice to the public by disallowing a prisoner the untenable position of being able to “bank” time toward a possible conviction in the future.
Counsel for Stidham contends that contrary to the final contention of the Attorney General that a favorable decision would have the effect of allowing the prisoner to “bank” time toward a possible conviction in the future, a decision in favor of Homer Stidham would simply give him credit for the time he would have served had there never been a prior sentence. He argues *207 that this is reasonable because when the first sentence was invalidated, it was as though it had never existed.
Our Louisiana jurisprudence is devoid of a ruling on an issue identical to that herein involved; likewise, no related United States Supreme Court decision has been pointed out to us, and our research reveals none.
The early case of Blitz v. United States, 153' U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725 (April 30, 1894), is not identical to the instant one in that Blitz did not concern itself with time served; it is authority, however, for Stidham’s contention that where a sentence is declared invalid, imprisonment under a second consecutive sentence begins to run from the date of imposition of the sentence. The facts of Blitz are to the effect that Blitz was convicted under the first and third counts of an indictment charging him with violation of election laws. On the first count, he was sentenced to imprisonment in the penitentiary for the period of one year and a day — imprisonment to commence on November 28, 1893, the day sentence was pronounced; on the third count, he was sentenced to like time, said sentence to begin upon the expiration of the first sentence. The United States Supreme Court reversed the conviction on the first count, and with respect to the third count stated, “But, as there has been a trial upon the third count, the sentence, in respect to that count, should stand, and the term of imprisonment under it be held to commence from the 28th day of November, 1893, the date fixed by the judgment below for imprisonment to begin under the sentence on the first count.”
In determining a matter almost identical to that herein presented, the United States Court of Appeals, Tenth Circuit, in Goodwin v. Page, 418 F.2d 867, (Nov. 18, 1969), affirmed contentions similar to those of petitioner Stidham herein. It stated:
“Goodwin was sentenced to life imprisonment on the 1936 murder conviction. He was paroled in 1961, and while on parole, committed the crime of robbery. His parole was revoked in 1962 and he was returned to the penitentiary. In 1963, after trial and conviction for robbery, he was sentenced to five years for this offense. He had been incarcerated continuously since 1962 until released by order of the trial court in 1969. Appellant now contends that the five-year sentence, imposed as consecutive, begins to run only from the date the 1936 conviction is declared legally invalid. We do not agree.[1] Where a peti *209 tioner is serving a sentence which is held void, a later consecutive sentence based on a different crime runs independently. E. g., United States ex rel. McKee v. Maroney, 264 F.Supp. 684, 686-687 (M.D.Pa.), citing cases. Granting such relief on habeas corpus is consonant with the expansive interpretation given 28 U.S.C. § 2241(c) (3) by the Supreme Court. Peyton v. Rowe, 391 U.S. 54, 66-67, 88 S.Ct. 1549, 20 L.Ed.2d 426. See also Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the eighth amendment. Goodwin’s five-year sentence has been fully served.
“Affirmed.”
In Meadows v. Blackwell, 433 F.2d 1298, (November 11, 1970), the United States Court of Appeals, Fifth Circuit, reversed an order of the district court denying the petition of a federal prisoner for Writ of Habeas Corpus. The facts therein are to the effect that Meadows was arrested and charged with interstate transportation of a stolen motor vehicle while on parole; he remained in custody on the Dyer Act charges from March 5, 1968, until October 16, 1968, when he was tried and convicted. The Court of Appeals reversed the conviction on August 1, 1969, and the charges were subsequently dismissed. The outstanding parole violator warrant was executed on August 1, 1969, and Meadows commenced to serve the remaining 665 days of his prior sentence.
Meadows contended in his Habeas Petition that he should receive credit for the 665 days remaining on his earlier sentence for the time spent in custody on the invalidated Dyer Act conviction. The Court of Appeals stated and held:
“It is clear to this Court that appellant is entitled to the relief sought. Had it not been for the intervention of the invalid Dyer Act sentence, the commencement of service of the remainder of his earlier sentence would have been advanced. See Goodwin v. Page, 10th Cir. 1969, 418 F.2d 867; Jenkins v. United States, 10th Cir. 1968, 389 F.2d 765; Tucker v. Peyton, 4th Cir. 1966, 357 F.2d 115; United States [ex rel. McKee] v. Maroney, M.D.Penn.1967, 264 F.Supp. 684. It is unnecessary for us to determine whether the appellant should be credited with jail time from March 5, 1968, the date of his arrest, or from October 16, 1968, the date of the invalid *211 conviction, since he is entitled to immediate unconditional release in either case.
“We do not intend that this opinion be interpreted as standing for the principle that prisoners may ‘bank’ time. Rather, we intend that it be restricted to cases strictly within the factual situation here involved, i. e. time served on an invalid sentence at a time when a presently existing sentence could have been served.”
The following syllabus correctly states the holding of the Court of Criminal Appeals of Texas in Gentry v. State, 464 S.W.2d 848 (March 24, 1971) :
“Where defendant was convicted in November,' 1962, of rape, in May, 1963, of possession of marihuana, and in October, 1963, of robbery by assault, with sentence for latter offense being cumulated onto marihuana conviction, and where federal district court vacated judgment and sentence in marihuana case and vacated sentence in robbery case subject to defendant’s being resentenced with benefit of counsel, later consecutive sentence based on robbery conviction ran independently, that is, from date of its imposition on October 14, 1963, and trial court could not increase punishment assessed by attempting, at time of résentencing with counsel, to cause sentence to begin to run at a later date, that is, on date that rape conviction expired or was fully satisfied, since to do so would violate Fifth Amendment. U.S.C.A.Const. Amend. 5.”
The cases of Davis v. U. S. Attorney General, 5 Cir., 432 F.2d 777 (1970), and Mize v. United States, 5 Cir., 323 F.Supp. 792 (1971), involved invalid sentences. The facts of those cases are not identical to those of the instant case, and the rulings of the courts are therefore not controlling herein. We do not find the cases apposite to that of Stidham.
In granting Stidham the instant relief, the trial judge stated:
“Of course, there’s really nothing on all fours with this point. I think you agree with that. This isn’t the question, at least to my knowledge, it isn’t, I could’t find anything in the few minutes that I took. He was charged under Article 110 of the Criminal Code of the crime of simple escape. I think the very language of Article 110 envisions that the accused will be in custody, whether he has been sentenced or not. In this case the man had been sentenced, he was in prison, he escaped from the local custody there. I think for the purposes of trying a violation of 110, certainly he was serving a valid sentence. It takes no mental giant to say that this is true. It takes no mental giant to follow the argument of the State, that therefore, since he was serving a valid sentence when he escaped under the clear man *213 date of the language of 110, if he is guilty of escape, that sentence must be consecutive. That’s what the language says. Of course, unfortunately for the Judge, it doesn’t go further and say what happens in the situation if the sentence is subsequently declared invalid. The law, the statutory law is totally silent, and as I say, it does not take a mental giant to follow the logic of your argument. I understand your argument and there’s weight and there’s merit to it. But by the same token, I think, logic can sometimes infringe on basic fairness. To my mind, I think we should in this situation, I can’t find anything to guide me, then I drop back on some general principles, and the just principles as I see them and as I appreciate them, the sentence will commence to run on the date that it was imposed, and that will be the ruling of the Court. That his sentence for the crime of simple escape will commence to run on November the 18th of 1968, which was the day of pronouncing. The Writ of Mandamus will issue accordingly.”
We agree with the trial judge that the principles of justice and fairness demand that Stidham’s sentence for Simple Escape commence on the date of its imposition, November 18, 1968, and not on the date his sentence for Armed Robbery was declared invalid, October 16, 1969. We do not find it necessary to await an appellate decision of Johnson v. Henderson, D.C., 328 F. Supp. 704 (1971); we have cited and quoted other authorities which support our conclusion.
For the reasons assigned, the judgment of the trial court is affirmed.

“1. The only bar to the court's so holding, Meyers v. Hunter, 10 Cir., 160 F.2d 344, cert. denied, 331 U.S. 852, 67 S.Ct. 1730, 91 L.Ed. 1860, was impliedly discredited by tlie Supreme Court’s overruling of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (attacks on future consecutive *209 sentences not allowed by habeas corpus), in Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426, since McNally was relied on in Meyers as authority that a federal court could not ‘modify’ or ‘revise’ a judgment of a state court on habeas corpus. 160 E.2d at 346.”