MARCUS, Justice.
Paul W. Molbert was charged by bill of information with distribution of a danger *277 ous substance, to-wit: “Lysergic Acid Diethylamide, classified in Schedule I of the Uniform Controlled Dangerous Substance Act, in violation of the provisions of R.S. 40:966.” After trial by jury, defendant was found guilty and sentenced to ten years at hard labor. He appeals, relying upon six bills of exceptions.
According to the record, defendant sold 200 tablets, known as “hits,” to a special agent (Atkins) in an area of Duson, Louisiana, referred to as the Judice Community. Some 25 of these tablets were later analyzed and found to contain Lysergic acid diethylamide, LSD.
The first bill of exceptions concerns a reference made in the opening statement by the assistant district attorney that the offense was committed at “Route 1, Box 96,” whereas there was contradictory testimony of a witness that it occurred at “Route 1, Box 93.” This discrepancy in the location of the commission of the crime is alleged to be prejudicial error.
Originally, the answer to the bill of particulars recited that the alleged crime took place at “Skellys’ Truck Stop, Interstate 10, Lafayette, Louisiana.” On the day of trial, but prior to commencement thereof, the state amended its answer to read: “Rt. 1, Box 96, Duson, Louisiana, Judice Community.” A motion for continuance filed by defendant was denied. No bill was reserved to this denial nor has it been assigned as error.
In the state’s opening statement, the assistant district attorney stated that the state expected to prove that the crime occurred “on or near the premises at Route 1, Box 96, Duson, Louisiana.” Detective Lane testified: “I believe the route number is Route 1, Box 93.” It was at this point that defense counsel objected on the ground that his testimony was contrary to the state’s opening statement. The objection was overruled, and a bill of exceptions was reserved.
Obviously, these expressions did not intend to pinpoint the exact location of the crime. They were merely approximations of the site. In any event, another witness, James R. Atkins, an agent with the Federal Drug Enforcement Administration, testified that the crime occurred at Route 1, Box 96, Duson, Louisiana, Judice Community. ’
Accordingly, no prejudice was suffered by defendant. Bill of Exceptions No. 1 is without merit.
Bill of Exceptions No. 2 was leveled at the introduction during trial of 175 tablets involved in the sale of the drug to the agent. The substance of the objection is that, of the 200 tablets originally seized, only 25 were analyzed and, therefore, the remaining 175 could not be positively identified as containing the prohibited drug.
The state’s expert witness testified that he received 200 tablets for testing. He stated that when chemical analysis is performed to ascertain the presence of the prohibited drug, the tablet is consumed in the analysis, and nothing remains after testing. Because of this fact, he selected 25 of the 200 tablets at random for testing. He positively testified that these tablets contained the prohibited drug. The remaining 175 tablets introduced into evidence were identical to the ones tested in measurement and appearance. These tablets were relevant and properly received in evidence. The objection goes more to the weight of the evidence rather than to its admissibility. Further, the 175 tablets were introduced for the purpose of corroborating the state’s case that 200 “hits” of the acid were sold to the agent.
Bill of Exceptions No. 2 lacks merit.
Bill of Exceptions No. 3 urges that the trial judge erred in referring to “Ly-sergic acid diethylamide” as “LSD” in his charge to the jury. It is urged that there is no evidence in the record regarding Ly-sergic acid diethylamide; therefore, this constitutes a comment on the evidence in contravention of articles 772 and 806 of the Code of Criminal Procedure. Bill of *278 Exceptions No. 4 was reserved to the overruling of a motion in arrest of judgment, and Bills of Exceptions Nos. 5 and 6 concern the denial of the motion for a new trial. These latter bills involve the same issue presented in Bill of Exceptions No. 3, i. e., that there is no evidence to prove that the material distributed was Lysergic acid diethylamide; that the only evidence is that the tablets contained “DLSD,” which is “Diethylamide lysergic acid,” commonly known as “LSD.”
There is no merit to this contention. At trial, there was evidence that the substance contained in the tablets was LSD. It was ascertained by the expert that these tablets contained 57 micrograms of LSD per tablet. The statute then in effect, Act 634 of 1972, lists Lysergic acid diethylamide under Schedule I in section 964. Further, in section 961 under definitions, there appears “LSD” with the parenthetical reference to Lysergic acid diethylamide. Throughout the trial, there appears interchangeable reference to LSD, DLSD and Diethyla-mide lysergic acid as one and the same substance. The Federal agent, Atkins, referred to LSD as Lysergic acid diethyla-mide.
Since the statute itself equates LSD to Lysergic acid diethylamide, it can hardly be said that the reference by the trial judge to LSD as Lysergic acid diethyla-mide in his charge was objectionable or erroneous. Furthermore, there is ample evidence that the tablets seized were LSD. This is sufficient under the statute.
Defendant further argues in brief filed in this court that La.R.S. 40:961 defines “LSD” (Lysergic acid diethylamide) as “a substance which the State Board of Health after investigation has found to have, and by regulation designates as having, a potential for abuse . . . ” and nowhere in the. record is this shown. A simple answer to this contention is that the legislature, by listing Lysergic acid diethyl-amide under Schedule I in section 964, has classified same as a controlled dangerous substance. Section 963 establishes the schedules of controlled dangerous substances and provides that these schedules shall initially consist of the substances listed in section 964. Thereafter, it provides for a method of adding a substance to these schedules by the state board of health. Hence, this contention lacks merit.
Bills of Exceptions Nos. 3, 4, 5 and 6 are without merit.
For the reasons assigned, the conviction and sentence are affirmed.