SUMMERS, Justice.
Paul Molbert was convicted of the crime of manslaughter in the Fifteenth Judicial District Court, Lafayette Parish. On September 24, 1974 he was sentenced to the custody of the Department of Corrections for a period of twenty-one years to be served at hard labor, the sentence “to run consecutive with any sentence previously imposed.”
Prior to the conviction and sentence in the instant case, Molbert had been convicted in the same parish for distribution of the dangerous drug Lysergic Acid Diety-lamide (L.S.D.). The prior conviction and sentence for distribution of dangerous drugs was on appeal to this Court when the sentence was imposed in this manslaughter conviction. The conviction and sentence to ten years at hard labor in the drug case was later affirmed on October 28, 1974. See State v. Molbert, 302 So.2d 276 (La.1974).
When the sentence was ordered to run consecutive with any sentence previously imposed, defense counsel objected and reserved this bill to the court’s action.
It is the defense contention that the sentence in the instant case could not be ordered to run consecutively with the sentence 'in the drug distribution case because that sentence was not final, for it was then on appeal. To support this argument the language of Article I, Section 12 of the Constitution (1921) is relied upon:
“All persons shall be bailable by sufficient sureties, except the following: Persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is actually imposed, bail shall be allowed pending appeal until final judgment.” (emphasis added.)
From the words “pending appeal until final judgment” it is argued that a sentence being appealed cannot be considered as the basis for a later consecutive sentence unless the appeal is no longer pending and the conviction and sentence have become final.
Defense counsel also relies upon the authority of Article 913 of the Code of Criminal Procedure which prescribes that “An appeal by the defendant suspends the execution of sentence”. If execution of the sentence is suspended during defendant’s appeal, he contends, the sentence being appealed cannot serve as a sentence to which another sentence can run consecutively.
Moreover, the argument proceeds, if the first sentence is being appealed and for that reason is not final, its execution being suspended, the sentence imposed as consecutive does not satisfy the requirements of Article 8j?9 of the Code of Criminal Procedure that all sentences be “determinate”. The consecutive sentence, it is said, cannot be determinate if it depends upon a prior sentence which is not then final and which may on appeal be set aside.
A generally recognized rule holds that a subsequent consecutive sentence does not begin until the date of termination of the next prior sentence. This rule applies whether the period of the earlier sentence is shortened because of good behavior, or lengthened because of an escape, or otherwise varied. 21 Am.Jur.2d, Criminal Law § 549. It would follow from this premise that a sentence made consecutive to one which is being appealed would begin to run as of the date of its imposition if the sentence being appealed were set aside. *587 There is no obstacle, therefore, to making a sentence consecutive to a sentence which is being appealed.
The fact that a sentence is being appealed does not mean that it is not a sentence. The appeal, as we said in State v. Morgan, 306 So.2d 701 (La.1975), has merely the effect of deferring or postponing the performance of a previously imposed sentence. In that case the Court would not extend the effect of an appeal beyond suspending the execution of the sentence which was then the subject of the appeal. La.Code Crim.Proc. art 913. In the Court’s opinion, the appeal had no effect on the sentence except to suspend its execution, the sentence on appeal being otherwise unaffected. There is no reason therefore why a sentence cannot be imposed to run consecutively to a sentence on appeal. La.Code of Crim.Proc. art. 883. This bill has no merits.
For the reasons assigned, the conviction and sentence are affirmed.