PER CURIAM.
Defendant was charged by bill of information with attempt aggravated rape, in violation of La.R.S. 14:27; 14:42. After trial by jury beginning on September 5, 1979, he was found guilty of attempt forcible rape. On September 24, 1979, the trial court sentenced him to eight years’ imprisonment at hard labor. As a condition of this sentence, defendant will spend one year “without benefit of parole, suspension, or probation.” Defendant now appeals his conviction and sentence to this Court, urging the three assignments of error filed below.
We have reviewed defendant’s assignments and find them without merit. Accordingly, we now affirm his conviction. We note, however, an error patent on the face of the sentence imposed that will require remand of this case to the trial court. La.C.Cr.P. Art. 920. In sentencing defendant, the trial judge looked to La.R.S. 14:42.1 defining the offense of forcible rape. That statute calls for a sentence of not less than two years, and not more than forty years’ imprisonment, and requires that “[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.” In addition, La.R.S. 14:27, defining attempt, provides a maximum sentence of not more than one half the longest term for the completed offense. The trial court reasoned that for an attempt forcible rape, La.R.S. 14:27; 14:42.1, defendant was required to spend one year in jail without benefit of parole or probation.
We express no opinion on the trial court’s conclusions under La.R.S. 14:27 and 14:42.1. We note, however, that it has looked to the wrong rape statute in this case. Defendant committed the offense on August 11, 1978. At the time, La.R.S. 14:43.1 defined the crime of forcible rape. That statute provided simply that “[wjhoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years.” La.R.S. 14:42.1, Acts 1978, No. 239 § 1, amending and reenacting La.R.S. 14:43.1, and adding the conditions on suspension of sentence, probation and parole, did not become effective until September 8, 1978, after the commission of the offense in this case.
The trial court therefore lacked authority to impose any restriction on defendant’s parole eligibility when it sentenced him to jail. La.R.S. 14:43.1. Accordingly, we vacate the sentence in this case and remand to the trial court for resentencing in compliance with the views expressed herein. La. C.Cr.P. Art. 882; State v. Wymore, 372 So.2d 283 (La.1979); State v. Delaney, 359 So.2d 976 (La.1978); State v. Jones, 341 So.2d 3 (La.1977).
CONVICTION AFFIRMED: SENTENCE VACATED AND CASE REMANDED.