485 So.2d 926 (1986)
STATE of Louisiana ex rel. Jude GLYNN, Jr.
v.
Frank BLACKBURN, Warden.
No. 85-KH-2380.
Supreme Court of Louisiana.
April 4, 1986.
Michael S. Gallagher, S.J., Loyola Law Clinic, New Orleans, for relator.
John Mamoulides, Dist. Atty., Gretna, for respondent.
PER CURIAM.
When we vacated relator's sentence for forcible rape in State v. Glynn, 388 So.2d 804 (La.1980), and remanded that case to the 29th Judicial District Court for resentencing, relator's consecutive two year sentence imposed in the 24th Judicial District for simple kidnapping, La.R.S. 14:45, began to run as of the date of its imposition. Stidham v. Sowers, 260 La. 200, 255 So.2d 740 (1971); See also, State v. Molbert, 310 So.2d 585 (La.1975). Records from the Department of Corrections show clearly that relator satisfied the two year sentence before he was adjudicated a multiple offender in the 24th judicial district and resentenced to ten years' imprisonment at hard labor under the provisions of R.S. 15:529.1.
Proceedings against a convicted defendant to enhance his sentence under R.S. 15:529.1 must be completed before he has satisfied his sentence on the underlying felony and been discharged from custody for that offense. State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). The ruling of the district court denying relator relief is therefore set aside, relator's sentence of ten years' imprisonment at hard labor is vacated, and relator is ordered discharged from custody on his conviction and sentence for simple kidnapping in the 24th Judicial District Court.