I t CHARLES R. JONES, Judge.
Cynthia Burks appeals her sentence in connection with her conviction for possession of cocaine as a second felony offender. She was initially sentenced to thirteen months at hard labor, and was resentenced to thirty-seven months after a multiple bill hearing was conducted. Following a review of the record, we reverse, vacate the thirty-seven-month sentence, and reinstate the thirteen-month sentence.
On May 13, 1999, Cynthia Burks was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). Burks elected a bench trial after being advised of her right to a jury trial. She was tried on August 2, 1999 and the district court took the matter under advisement. On August 6, 1999 the district court found her guilty as charged, and sentenced her on August 13, 1999 to serve thirteen months at hard labor. According to the minute entry, the State filed a multiple bill on September 14, 1999, charging Burks as a second felony offender; however, the multiple bill is not a part of the record. On March 24, 2000, a multiple bill hearing occurred, and the district court took the matter under advisement. The district court then found Burks to be a second felony | ¡¡.offender on May 8, 2002, and on May 14, 2002 sentenced her to serve thirty-seven months at hard labor. Burks timely filed the instant appeal.
The facts of the case are not at issue in this appeal.
A review of the record reveals no errors patent.
Burks argues, in her two assignment of errors, that'the district court erred in sentencing her as a multiple offender because (1) she was actually sentenced almost two years after she had completely served her original sentence, and (2) the multiple bill is not part of the record.
Because the second assignment of error is dispositive, it will be considered first. Our review of the record indicates that the only evidence of the multiple bill in the record is a notation in the minute entry of September 14, 1999, stating the multiple bill was filed. This Court requested the multiple bill from the district *446 court but received notice that the multiple bill was not part of the district court’s record. Burks argues that the State failed to file a multiple bill; however, the record indicates that the State filed a multiple bill on September 14,1999.
In State v. Uqdah, 613 So.2d 1113 (La.App. 5 Cir.1993), the Fifth Circuit considered a case wherein the multiple bill was missing from the record, and the court held that the prior conviction could not be used to enhance the defendant’s sentence. Uqdah is silent as to whether there is any indication in the record that a multiple bill was filed, and on that point Uqdah can be distinguished from the case at bar. Considering the minute entry reference to a multiple bill and the fact that Burks did not object prior to appeal that a written multiple bill had not been filed, this Court will assume that the multiple bill was filed and consider the next assignment of error.
|sBurks next contends that she was adjudicated a multiple offender nearly two years after she completed her original sentence. She was sentenced on August 13, 1999, to serve thirteen months at hard labor. Although the multiple bill was filed on August 14, 1999 the hearing on the multiple bill did not occur until March 24, 2000, and the district court took the matter under advisement. Burks was not adjudicated a second felony offender until May 8, 2002, and she was actually sentenced on May 14, 2002, to serve thirty-seven months at hard labor. As counsel points out in her brief, if Burks began serving her sentence on August 13, 1999, she would have been released in September 2000. At both hearings in May of 2002, defense counsel objected to Burks being sentenced as a second felony offender after she had completed her original sentence.
La. R.S. 15:529.1, the multiple offender statute, does not provide a time period in which a multiple bill should be filed and the matter adjudicated except to state that a defendant may be charged as a multiple offender if “at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted” of another felony. In State v. Broussard, 416 So.2d 109, 110 (La.1982), the Louisiana Supreme Court noted that although La. R.S. 15:529.1 does not provide a time limitation, a multiple bill must be filed within a reasonable time after the State learns that a defendant has a prior felony conviction. The Court stated:
The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under the provision should not be unduly delayed.
State v. Walker, 98-1410, pp. 6-7 (La.App. 4 Cir. 5/12/99), 735 So.2d 837, 841.
The Broussard doctrine is a fact-specific inquiry depending upon the particular facts and circumstances of each case. State v. McNeal, 99-1265, p. 7 (La.App. 4 Cir. 6/14/00), 765 So.2d 1113, 1117, writ denied, 2000-2134 (La.9/28/01), 797 So.2d 684.
In two cases the Louisiana Supreme Court has found untimely adjudications on the multiple bill where the defendant was already discharged from state custody at the time of the multiple bill hearing. In State ex rel. Glynn v. Blackburn, 485 So.2d 926 (La.1986), the defendant had completed his two-year sentence for simple kidnapping prior to being sentenced as a multiple offender to ten years. The Louisiana Supreme Court vacated the ten-year sentence and ordered the defendant dis *447 charged as to that charge. The Supreme Court held that “[proceedings against a convicted defendant to enhance his sentence under R.S. 15:529.1 must be completed before he has satisfied his sentence on the underlying felony and been discharged from custody for that offense.” Id. In State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), the defendant was sentenced on May 26, 1971 to serve two and one-half years at hard labor. On August 15, 1972, the State filed a multiple bill. Because of the filing of motions and requests for continuances by the defense, the resentencing procedure was delayed. The defendant was discharged from custody on September 20, 1972 and was resentenced on December 21, 1972. The Supreme Court held that the “proceeding was not held timely and the State was without power to resentence the defendant.” Id. at 77.
Like the defendants in Williams and Glynn, Burks’ sentence had been served prior to her adjudication as a multiple offender, and the district court erred in sentencing her under the Habitual Offender Law. Furthermore, the State is prohibited from filing another multiple bill against her in this matter. See State ex rel. Glynn v. Blackburn, supra; State ex rel. Williams v. Henderson, supra.
| ¿DECREE
Accordingly, the district court’s adjudication of Cynthia Burks as a multiple offender is reversed with prejudice. Cynthia Burks’ sentence as a multiple offender is vacated, and her original sentence is reinstated.

REVERSED; SENTENCE VACATED.