In re Muhammad, Mustafa H.; — Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of E. Baton Rouge, 19th Judicial District Court Div. F, Nos. 483,907; to the Court of Appeal, First Circuit, No. 2002 CA 0400.
11 Writ denied.
JOHNSON, J., would grant the writ and assign reasons.
11 JOHNSON, Justice,
would grant the writ application for the following reasons.
At the time that this defendant was adjudicated a multiple offender, he was to be discharged from state custody on August 23, 2002. However, he was not released, as the habitual offender proceedings had been initiated. It was not until December 17, 2002, nearly four months after his release date, that defendant was re-adjudicated and re-sentenced as a habitual offender.
Although the habitual offender law, contained within LSA-R.S. 15:529.1 does not contain a prescriptive period for the completion of habitual offender proceedings, this Court has historically required the State to complete habitual offender proceedings within a reasonable time. In State ex rel. Williams v. Henderson, 289 So.2d 74, 77 (La.1974), this Court set forth *53 a bright line rule that “a proceeding to have a defendant sentenced as a multiple offender must be completed before the defendant serves the sentence which is to be enhanced.” Additionally, in State ex rel. Glynn v. Blackburn, 485 So.2d 926 (La.1986), the defendant had served his two year sentence before he was adjudicated a multiple offender. This Court, citing Williams, unequivocally stated, “Proceedings against a convicted defendant to enhance his sentence under R.S. 15:529.1 must be completed before he has satisfied his sentence on the underlying felony and been discharged from custody for that offense.”
12Like the defendants in Williams and Glynn, this defendant’s sentence had been served before his adjudication as a multiple offender. I do not believe that there is any compelling reason to overrule Williams and Glynn, particularly where the defendant was not convicted of a violent offense.
For these reasons, I believe that the defendant’s life sentence should be vacated.