659 So.2d 853 (1995)
STATE of Louisiana
v.
Damon STACK.
No. 95-KA-213.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 1995.
*854 John M. Mamoulides, Terry M. Boudreaux, Dist. Attys. Office, 24th Judicial Dist. Court, Parish of Jefferson, Gretna, for plaintiff/appellee, State.
Bruce G. Whittaker, Indigent Defender Bd., 24th Judicial Dist., Gretna, for defendant/appellant, Damon Stack.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
The defendant, Damon Stack, was found guilty of attempted first degree murder in violation of La.R.S. 14:27 and 14:30 and of attempted armed robbery in violation of La. R.S. 14:27 and 14:64. He was sentenced to 50 years at hard labor on the attempted first degree murder conviction and 49 ½ years at hard labor on the attempted armed robbery conviction. The court also ordered the sentences to run consecutively.
Subsequently, pursuant to a multiple offender bill of information filed by the state, the court vacated the previous sentence on the attempted murder conviction, resentenced the defendant to 100 years at hard labor with an allowance of credit for time served and ordered that sentence to run consecutively with the sentence imposed on the attempted armed robbery conviction. The defendant has appealed, alleging that his convictions violate the provision of double jeopardy. He also challenges his conviction as a multiple offender.

FACTS
On the evening of March 8,1994 at approximately 8:30 p.m., the defendant and co-defendant, Marlon Hudgins, entered the clubhouse of the Putt Putt Miniature Golf Course located at 401 Gretna Blvd. in Gretna, Louisiana. After walking past the video games, they approached the counter where the register was located. Hudgins asked the owner, Sharon Rissman, about closing time and Rissman replied that the business closed at 9:30 p.m., or whenever the last customer left. After a pause, the defendant asked Lisa Vinet, a former employee who was behind the counter with Rissman, for four quarters. When Rissman turned and opened the register, the defendant instructed her to "empty the register." Rissman threw the quarters at the defendant and reached for the telephone. The defendant then produced a gun and fired three shots. The first shot struck Rissman in the arm, while the second two struck her in the back.
Following the shooting, the defendant and Hudgins fled the scene, but they were subsequently apprehended by police officers responding to Rissman's 911 telephone call. The officers also recovered the gun which had been abandoned in a garbage dumpster.

ANALYSIS
In his first assignment of error, defendant alleges that his conviction and sentence for attempted first degree murder and the underlying felony of attempted armed robbery violates the bar against double jeopardy and, therefore, the conviction and sentence for attempted armed robbery, the less severely punishable offense, must be vacated. In brief, the state concedes that the defendant's contention is correct.
Both the United States and Louisiana Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. U.S. Const. Amend. V; La. Const. Art. 1, Sec. 15 (1974). Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983).
*855 It is well settled law that when proof of a felony, in this case attempted armed robbery, is an essential element of a first degree murder or an attempted first degree murder, double jeopardy precludes conviction and punishment of defendant for both murder or attempted murder and the underlying felony. State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642; State v. Head, 598 So.2d 1202 (La.App. 5 Cir.1992).
In order to remedy such a violation of double jeopardy, the reviewing court vacates the conviction and sentence for the less severely punishable offense and affirms the conviction and sentence for the more severely punishable offense. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); State v. Head, supra.
In the case before us, the attempted armed robbery is the underlying felony of the attempted murder conviction. Thus, the conviction and sentence for both attempted first degree murder and for attempted armed robbery constitutes double jeopardy. Since the attempted armed robbery is the less severely punished, we vacate the defendant's conviction and sentence for attempted armed robbery. See State v. Cotten, 438 So.2d 1156 (La.App. 1 Cir.1983), writ denied, 444 So.2d 606 (La.1984).
In his second assignment of error, the defendant alleges that the trial court erred in concluding appellant was one and the same individual alleged in the habitual offender bill of information to have a previous felony conviction in case number 92-5712 "S" on the docket of the 24th Judicial District Court. The defendant argues that the state did not satisfy its burden of establishing his identity as a second felony offender considering that the defendant's trial testimony on cross-examination regarding the dates of his prior conviction did not coincide with the date alleged in the multiple bill of information.
Proof that the defendant is the same person convicted of the prior offenses is an essential element of the habitual offender adjudication. The fact that the defendant and the person described in the records evidencing the prior convictions have the same name, standing alone, is insufficient to prove that the defendant was the same person who was convicted of the previous crimes. State v. Metoyer, 612 So.2d 755 (La.App. 5 Cir.1992).
In the multiple offender bill of information, the state alleged that the defendant was charged in case number 92-5712 "S" on the docket of the 24th Judicial District Court with the offense of distribution of cocaine and that the defendant pled guilty as charged on March 16, 1993.
At trial, the defendant took the witness stand at trial and admitted that he had been "convicted for drugs." On cross-examination, the defendant testified that on April 20, 1992 he pled guilty to possession of crack cocaine and that he pled guilty to selling crack cocaine on March 20, 1992. However, on redirect examination, the defendant "cleared up" any questions regarding the dates of his prior convictions by testifying that he pled guilty on March 16,1993 to both the possession and the distribution charges.
At the multiple offender hearing, the state noted the defendant's trial testimony and introduced the Boykin colloquy of the defendant's guilty plea to both the possession and the distribution charges which was entered on March 16, 1993. In finding the defendant to be a second felony offender, the learned trial judge stated the following regarding identity in his well written reasons for judgment:
In this case, identity was not at issue because the defendant took the stand and admitted that he had a prior conviction. Therefore, the State was not required to bring fingerprint experts, etc. to prove the defendant's identity as being the same as the party who was previously convicted.
The trial judge properly considered the defendant's trial testimony which he correctly concluded, as a whole, showed that the defendant did plead guilty on March 16, 1993 to the offense of distribution of cocaine. Therefore, he properly found that the state had adequately proved the defendant's identity as the person who was previously convicted of distribution of cocaine on March 16, 1993. We find no error in this adjudication. See State v. Wilkinson, 612 So.2d 833 (La. *856 App. 1 Cir.1992), writ denied, 614 So.2d 1255 (La.1993) where the court noted that the defendant's identity as the person who was convicted of predicate felonies was also proved by his own trial testimony.
In addition, we have conducted an error patent review as mandated by La.C.Cr.P. art. 920 and note the following:
La.C.Cr.P. art. 930.8 dictates that, except under certain limited circumstances (not present here), a defendant must file his application for post-conviction relief within three years after his judgment of conviction becomes final. Section C of the article provides that "[a]t the time of sentencing the trial court shall inform the defendant of the prescriptive period for post conviction relief." Neither the transcript of defendant's original sentencing on October 11, 1994, nor the multiple bill sentencing on November 10, 1994 reflect that the defendant was so informed. Accordingly, it is necessary to remand the case and order the trial court to inform the defendant of the provisions of La.C.Cr.P. art. 930.8.
Although the state asks this Court to remand the case to the trial court so that the judge can order the defendant's sentence to be served without benefit of parole, La.R.S. 14:27(D)(1) does not prohibit eligibility for parole. State v. See, 467 So.2d 525 (La.1985). As such, the sentence imposed by the trial judge as stated in the sentencing transcript is correct. It is, therefore, ordered that, on remand, the commitment be amended to conform with the correct transcript by striking that portion of the sentence denying the defendant parole eligibility.

DECREE
For the above discussed reasons, the defendant's conviction and sentence for attempted first degree murder is affirmed. The conviction and sentence for attempted armed robbery is vacated and set aside. It is also ordered that the case be remanded to the trial court for further action consistent with this opinion, and more specifically:
It is ordered that the trial judge inform defendant of the three year prescriptive period for filing for post-conviction relief of La. C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
It is further ordered that the defendant's commitment on the multiple offender's conviction be amended to conform with the transcript by striking that portion of the commitment denying the defendant's parole eligibility.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.