RCANNELLA, Judge.
Defendant, Tremain Dixon, appeals his conviction by guilty plea to attempted first degree murder and aggravated burglary. We affirm in part, reverse in part and remand.
On February 22, 1995, defendant was charged with attempted first degree murder in violation of La.R.S. 14:27 and 14:30 and aggravated burglary in violation of La.R.S. 14:6o.[1] He pled not guilty to the charges on March 16,1995. On October 18,1995, he filed a Motion to Quash based on double jeopardy. On the same day, the trial judge denied the Motion to Quash and defendant withdrew his pleas of not guilty, tendering pleas of guilty to both charges, while reserving his right to appeal the denial of the Motion to Quash, in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The trial judge sentenced defendant to nine years at hard labor, each, on the attempted first degree murder conviction and onjjthe aggravated burglary conviction. The trial judge further ordered the sentences to run concurrently with each other and gave defendant credit for time served.
The facts are taken from the plea colloquy, during which the following exchange occurred:
Q. [The Court] Okay. What happened on that date, February 2, 1995, which is causing you to plead guilty to attempted murder and aggravated burglary? What happened?
A. [Defendant] I went in the house with a gun.
Q. You went in the house with a gun? And while you were in the house somebody you went in with did what?
A. He shot somebody.
Q. He shot somebody in the house?
A. Yeah.
On appeal, defendant contends that the trial court erred in denying his Motion to Quash because his convictions of attempted first degree murder and aggravated burglary constitute a violation of double jeopardy. Thus, he argues that the conviction and sentence for aggravated burglary, the less severely punishable offense, should be vacated.
The state contends that the convictions do not constitute a violation of double jeopardy. It cites the trial judge’s reasons for denying the motion to quash, as follows:
... I have looked at the case law, and I believe that under the Louisiana rule, even under the distinct fact and same evidence test that this Attempted First Degree Murder and Aggravated Burglary do not represent double jeopardy to the defendants because you do not have to prove all of the elements of both of them to convict the defendant of both crimes. The Aggra *312 vated Burglary can be proven by other things other than that the weapon used was discharged. It doesn’t even have to be a gun. So the fact that — and the case law indicates that — even if there’s res ges-tae, even if there’s two separate trials under two Bills of Information, if under res gestae the facts of one are brought out but they are not necessary to prove the crime of the first trial, it is not double jeopardy to have a second trial on that second crime. So the Motion to Quash is noted but denied.
Both the United States and Louisiana Constitutions provide that no person 14shall be twice put in jeopardy of life or liberty for the same offense. U.S. Const. Amend. V; La. Const. Art. 1, § 15 (1974). Double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763, 767 (La.1983).
In determining whether or not the double jeopardy prohibition has been violated, the Louisiana Supreme Court has recognized two different tests, the Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) test, and the “same evidence” test. In recent years, the Louisiana Supreme Court has principally relied on the “same evidence” test when evaluating double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La.1990).
In Blockburger, the court stated that:
... The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... (Emphasis added)
Blockburger v. United States, 284 U.S. at 304, 52 S.Ct. at 182.
The “same evidence” test was explained by the Louisiana Supreme Court in State v. Steele, 387 So.2d 1175, 1177 (La.1980) as follows:
If the evidence required to suppoH a finding of guilt of one crime ivould also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial ...
The “same evidence test” is somewhat broader in concept that Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
(Emphasis added) (citations omitted)
In the bill of information the state charged that defendant “violated R.S. 14:27:30” in that he did attempt to commit first degree murder of Carl Vandrough and violated La. R.S. 14:60 in that he committed an aggravated burglary of the residence belonging to Carl Vandrough. The only facts in the record reveal that |ethe attempted murder occurred during the commission of an aggravated burglary. Thus, the state prosecuted the case under section (1) of La.R.S. 14:30(A), relying on the aggravated burglary as the underlying enumerated felony to prove an element of the attempted first degree murder.
First degree murder requires proof of specific intent to kill or to inflict great bodily harm, while engaged in an aggravated burglary, one of the enumerated felonies. La. R.S. 14:30(1). To prove this charge, the state must prove the aggravated burglary charge. Aggravated burglary requires the unauthorized entering of any inhabited dwelling, etc. where a person is present, with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon, arms himself while there or commits a battery while in or upon entering or leaving the place. La.R.S. 14:60. Although the attempted first degree murder charge requires proof of an additional element (intent to kill or inflict bodily harm), the aggravated burglary charge does not require proof of a separate element. Under Blockburger, the state might avoid a double jeopardy claim, but under the “same evidence” test, the conviction of the underlying felony constitutes double jeopardy because the state would have had to prove all of the elements of *313 aggravated burglary to obtain a conviction of attempted first degree murder. In addition, the courts have held that when proof of a felony is an essential element of a first degree murder or an attempted first degree murder, double jeopardy precludes conviction and punishment of defendant for both murder or attempted murder and the underlying felony. State v. Stack, 95-213 (La.App. 5th Cir. 7/25/95); 659 So.2d 853, 855; State v. Holmes, 94-907 (La.App. 5th Cir. 3/15/95); 653 So.2d 642; State v. Head, 598 So.2d 1202, 1207, 1208 (La.App. 5th Cir.1992); State v. Williams, 643 So.2d 284, 285 (La.App. 2nd Cir.1994); State v. Smith, 600 So.2d 919, 923-924 (La.App. 4th Cir.1992), writ denied, 625 So.2d 1031 (La.1993); State v. Jackson, 548 So.2d 57, 60 (La.App. 3rd Cir. 1989). Thus, we find that the convictions of both offenses constitute |(Sdouble jeopardy.
The remedy for a violation of double jeopardy is for the reviewing court to vacate the conviction and sentence of the less severely punishable offense and affirm the conviction- and sentence for the more severely punishable offense. State v. Stack, 659 So.2d at 855; State v. Holmes, 653 So.2d at 645; State v. Head, 598 So.2d at 1208 (La.App. 5th Cir.1992); State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990).
Defendant next asserts that the trial court erred in failing to advise him of the prescriptive period for post conviction relief.
La.C.Cr.P. art. 930.8 states that, except under certain limited circumstances, a defendant must file his application for post conviction relief within three years after his judgment of conviction. Section C of the article provides that “[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.” The transcript of the sentencing in the instant case reflects that defendant was not informed of the prescriptive period. However, failure to inform defendant does not constitute a ground for reversing the sentence or remanding the case for re-sentencing. La.C.Cr.P. art. 921. Rather, the appropriate remedy is for this court to instruct the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Defendant also assigns as error any and all errors patent on the face of the record. See: La.C.Cr. P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Boudreaux, 95-153 (La.App. 5 Cir. 9/20/95); 662 So.2d 22, 28; State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We have reviewed the record and do not find any patent 17error.
Accordingly, we hereby affirm defendant’s conviction and sentence for attempted first degree murder, La.R.S. 14:27 and 14:30. We hereby reverse defendant’s conviction and sentence for aggravated burglary, La.R.S. 14:60. Further, we remand the case with instructions to the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that defendant received the notice.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. Calvin Crump and Therman D. Lundy were also charged with the offenses; however, the record does not reflect the outcome of those charges relative to them.