bGOTHARD, Judge.
Defendant, Weston J. Moreau, was charged by bill of information with aggravated battery in violation of La. R.S. 14:34. Defendant was tried by a jury of six, who found him guilty of the lesser included offense of simple battery. La. R.S. 14:35. The trial court sentenced defendant to six months in parish prison. Defendant now appeals. We affirm.
On May 9, 1997, the victim, Timothy Carmen, and his estranged wife, Gina Carmen, became involved in an argument outside of the ladies room at a sports bar in Gretna. Mr. Carmen blocked Mrs. Carmen from leaving the woman’s bathroom; however, he did not touch her. The defendant, who was drinking with a friend at the bar, approached the victim from behind and hit him with a beer bottle. Defendant did not know either the victim or his wife.
*513 At the trial of this matter, both Mr. Carmen and his now ex-wife testified that defendant used a beer bottle, not his fist, and that defendant acted without warning and did not speak to them prior to hitting Mr. Carmen with the bottle.
Defendant testified that, when he saw the two arguing, he feared for the safety of Mrs. Carmen and intervened in the argument by asking Mr. Carmen fewhat was going on. Defendant testified that Mr. Carmen responded to the question by pushing him and defendant responded to the push by punching Mr. Carmen in the face. Defendant further testified that after the punch he and Mr. Carmen began to wrestle and fell to the floor. According to defendant, the altercation ended when bouncers at the bar broke up the fight.
As a result of the altercation, Mr. Carmen was taken to West Jefferson General Hospital where he was given stitches to close a cut he sustained over his eye.
On appeal, defendant argues that the trial court erred by imposing an excessive sentence.
We note that defendant did not file a motion to reconsider sentence following the imposition of sentence as required by La. C.Cr.P. art. 881.1.
La.C.Cr.P. art. 881.1 allows a defendant to file a motion to reconsider sentence within thirty days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La. App. 5 Cir. 3/15/95), 653 So.2d 642.
In State v. Mims, supra, the Louisiana Supreme Court was silent as to whether the failure to comply with La.C.Cr.P. art. 881.1 precludes a claim of constitutional ex-cessiveness. Paced with the Louisiana Supreme Court’s silence, this Court, in an abundance of caution, has considered the merits of a defendant’s claim of constitutional exces-siveness when defendant did not move for a ^reconsideration of sentence in the trial court. State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, 97-1255 (La.10/13/97), 703 So.2d 612.
The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991). The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Landos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
In the present case, defendant was originally charged with aggravated battery as a result of the altercation with Mr. Carmen. Both the victim and his ex-wife testified that defendant hit the victim with a beer bottle without warning. During the sentencing hearing, defendant stipulated that he had been arrested twice before for fights. In one of those incidents, the victim was hit with a beer bottle; in the other, the victim was pistol-whipped.
In imposing sentence, the trial court considered that the defendant was charged with the greater offense of aggravated battery. State v. Wooden, 572 So.2d 1156 (La.App. 1 Cir.1990). The trial court also considered that the present conviction was for a violent offense, and his prior record contained two arrests for violent offenses. Prior criminal activity, not limited to convictions, is feone of the factors to be considered by the trial judge in imposing sentence. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
We do not see any abuse of the trial court’s discretion in the imposition of the six month sentence. Accordingly, we find defen *514 dant’s allegation of excessive sentence to be without merit..
We have reviewed the record for errors patent, according to La.-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990), and we note the following error.
The trial court in this case failed to inform defendant of the prescriptive period for post conviction relief as mandated by La.-C.Cr.P. art. 930.8. Accordingly, we order the trial court to send written notice setting out the prescriptive period to defendant within ten days of the rendering of this Court’s opinion and to file written proof in the record that defendant received such notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
We also note that the commitment incorrectly spells defendant’s name as (“Weston III Moreau”), when his name is actually Weston J. Moreau. We therefore order that the commitment be amended to defendant’s name.
For the above reasons, the defendant’s conviction and sentence are affirmed. The matter is remanded to the trial court for the judge to inform the defendant of the delays for filing post-conviction relief pursuant to La.C.Cr.P. art. 930.8. and to amend the commitment to correct the spelling of defendant’s name.
AFFIRMED AND REMANDED.