FREDERICKA HOMBERG WICKER, Judge.
 

 12Defendant/appeIlant, Mr. Peter Garcia, appeals his convictions and sentences for attempted first degree murder and attempted armed robbery arguing that the state’s action in filing a bill of information charging him with the two offenses subjected him to double jeopardy. He argues that his conviction and sentence for attempted armed robbery, the less severely punishable offense, should be vacated. We agree. Finding a double jeopardy violation, we affirm the conviction and sentence imposed on attempted first degree murder and reverse and vacate the sentence imposed on attempted armed robbery.
 

 Facts and Procedural Background
 

 The facts elicited at the motion hearings in this case are as follows.
 

 On August 3, 2005, defendant/appellant, Mr. Peter Garcia, was outside the Wal-greens’ pharmacy on West Esplanade in Kenner, Louisiana when Ms. Robertson exited with bags and cash she had gotten back at the register. Mr. Garcia approached her and demanded money. She threw $20 at him, and he shot |sher in the leg. He then stood over her and shot her twice more — once in the chest and once in the neck. Mr. Garcia did not take any of her belongings but instead fled the scene on foot where he was apprehended in a nearby neighborhood.
 

 At the time of his apprehension, Mr. Garcia was found to be in possession of a briefcase and a gun. That gun, however, was not the one used to shoot Ms. Robertson. The gun used in the shooting was located in a nearby vacant lot. Det. Robert McGraw arrived at the location where Mr. Garcia was apprehended and
 
 Miran-dized
 
 him. Mr. Garcia, thereafter, waived his rights and made a brief statement about his involvement in the shooting and armed robbery which had just occurred at Walgreens.
 
 [1]
 

 
 *26
 
 Witnesses who were waiting in line at the Walgreens’ pharmacy drive-thru were taken to the neighborhood to identify Mr. Garcia. None of the witnesses saw the actual shooting. Rather, they each saw a man hurriedly leaving the parking lot after the gunshots were fired. Each witness positively identified Mr. Garcia as the man they had seen fleeing Walgreens’ parking lot. In addition, Ms. Robertson positively identified Mr. Garcia from a photographic lineup a few hours after the shooting.
 
 [2]
 

 Once identified, Mr. Garcia was taken to the Kenner Police Department where he was questioned further by Det. Brian McGregor. There, he was again advised of his rights, signed the Advice of Rights form, and gave a voluntary statement about the events that had transpired. Mr. Garcia was subsequently charged with attempted first degree murder in violation of La. R.S. 14:27 and La. R.S. 14:30 and armed robbery in violation of La. R.S. 14:64.
 
 [3]
 
 He pled not guilty to each offense. During the course of the proceedings, Mr. Garcia filed a motion to suppress the statement made at the scene and at the police station, a motion to suppress the photo identification of each witness, and a motion to suppress the evidence. Each motion was denied.
 

 Thereafter, Mr. Garcia withdrew his not guilty pleas and tendered pleas of guilty to each offense pursuant to
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) on March 9, 2009. Pursuant to the plea agreement, Mr. Garcia was sentenced to 30 years imprisonment at hard labor for each offense
 
 [4]
 
 without the benefit of probation, parole, or suspension of sentence. The sentences were to run concurrently. The State then filed a multiple-bill in reference to count one — attempted first degree murder. Mr. Garcia pled guilty to being a second felony offender. The court vacated the sentence it imposed on that offense and resentenced him pursuant to La. R.S. 15:529.1 to 30 years imprisonment at hard labor without the benefit of probation or suspension of sentence. That sentence was to run concurrently with the other sentences imposed.
 

 DISCUSSION
 

 In his sole assignment of error, Mr. Garcia contends that his convictions and sentences for attempted first degree murder and attempted armed robbery violate the double jeopardy clause of the United States and Louisiana constitutions. The State contends, however, that this issue was not properly preserved for appeal because of Mr. Garcia’s unconditional pleas of guilty. But “even an unqualified plea of guilty does not preclude review of what are regarded as ‘jurisdictional’ | ¡¡defects— those which, even conceding the accused’s factual guilt, do not permit his conviction of the offense charged,” i.e. the conviction represents double jeopardy.
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La.1976).
 

 When reviewing claims of double jeopardy, review is limited to the charging documents and plea colloquy.
 
 State v. Arnold,
 
 01-1399 (La.4/12/02), 816 So.2d 289. In this case, count one of the bill of information states that Mr. Garcia “did attempt
 
 *27
 
 to commit first degree murder of Hydrede-cine Robertson, during the commission of an
 
 armed robbery.”
 
 (emphasis added). Then count two of the bill further charges him with armed robbery.
 

 As this Court stated in
 
 State v. Stack,
 
 95-218, p. 3 (La.App. 5 Cir. 7/25/95), 659 So.2d 853, 855:
 

 It is well settled law that when proof of a felony ... is an essential element of a first degree murder or an attempted first degree murder, double jeopardy precludes conviction and punishment of a defendant for both murder or attempted murder and the underlying felony, (citations omitted).
 

 In this case, it is apparent on the face of the record that “the court had no power to enter the conviction[s] or impose the sen-temos].”
 
 Id.,
 
 citing
 
 United States v. Broce,
 
 488 U.S. 563, 575-76, 109 S.Ct. 757, 765, 102 L.Ed.2d 927.
 

 The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution of 1974, prohibit placing a person twice in jeopardy of life or limb for the same offense.
 
 State v. Barton,
 
 02-163 (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201;
 
 see
 
 La.C.Cr.P. art. 591. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong.
 
 State v. Cotten,
 
 438 So.2d 1156, 1160 (La.App. 1 Cir.1983). Thus, every double jeopardy analysis begins with the inquiry into whether a single offense or several offenses are involved.
 
 Id.
 

 | ^Louisiana courts utilize two tests in examining violations of double jeopardy. The “distinct fact” or Blockburger
 
 [5]
 
 test is applicable where the same act or transaction constitutes a violation of two distinct statutory provisions.
 
 Barton, supra.
 
 In that instance, “the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not.”
 
 Id.
 

 The other test, the “same evidence test,” is primarily relied upon by Louisiana courts.
 
 Id.
 
 citing
 
 State v. Miller,
 
 571 So.2d 603, 606 (La.1990). The Louisiana Supreme Court explained the “same evidence test” as follows:
 

 If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy for only one. The test depends on the evidence necessary for conviction, not all evidence introduced at trial.
 
 State v. Steele,
 
 387 So.2d 1175, 1177 (La.1980).
 

 The “same evidence test” is slightly broader in concept than
 
 Blockburger
 
 — the central idea being that one should not be punished twice for the same course of conduct.
 
 Id., Barton supra.
 

 In this case, the crux of Mr. Garcia’s claim is that his convictions for attempted first degree murder and attempted armed robbery have placed him in jeopardy twice for the same course of conduct. First degree murder is the “killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of armed robbery,”
 
 inter alia.
 
 La. R.S. 14:30. Armed robbery is “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by force or intimidation, while armed with a dangerous weapon.” La. R.S. 14:64. In this case, the same evi
 
 *28
 
 dence adduced at trial on the ^underlying felony — armed robbery — was necessary to prove the offense of attempted first degree murder, thereby subjecting Mr. Garcia to double jeopardy.
 

 “Once convicted of attempted ‘felony murder,’ the defendant is punished for the felony which he was perpetrating at the time of the attempted murder and he cannot be punished a second time for the same offense.”
 
 Cotten, supra
 
 at 1160-1; citing
 
 State v. Stewart,
 
 400 So.2d 633, 635, n. 4 (La.1981). Where multiple punishment has been erroneously imposed, the proper appellate procedure is to eliminate the effect of the less severely punishable offense.
 
 Id.
 
 When imposition of this general rule is not feasible, however, courts should affirm the conviction with the more severe
 
 actual
 
 sentence, even though it may require vacating the conviction for the more severely
 
 punishable
 
 offense.
 
 State v. Butler,
 
 558 So.2d 552, 554 (La.1990).
 

 The less severely punishable offense in this case is attempted armed robbery as it carries a potential sentence of five to 49½ years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; whereas, attempted first degree murder carries a potential sentence of ten to 50 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. In this case, however, the attempted first degree murder sentence was vacated and Mr. Garcia was resentenced pursuant to La. R.S. 15:529.1 and received a sentence of 30 years imprisonment at hard labor without probation or suspension of sentence. The newly imposed sentence failed to place a restriction on parole, seemingly making the actual sentence imposed for attempted armed robbery more severe than the actual sentence imposed for attempted first degree murder.
 

 The State argues that in this instance, the general rule which requires elimination of the less severely punishable offense is inapplicable because it would | ¿result in the vacation of the attempted armed robbery even though it seemingly has an actual sentence that is more severe than the sentence imposed for attempted first degree murder. Rather, the State argues that we apply the exception and affirm the attempted armed robbery conviction and sentence which was imposed without the benefit of probation, parole, or suspension of sentence and vacate the attempted first degree murder conviction and sentence which was imposed with no restriction on parole. We disagree.
 

 The exception provides that when the general rule is not feasible, appellate courts should affirm the conviction with the more severe
 
 actual
 
 sentence, even though it may require vacating the conviction for the more severely
 
 punishable
 
 offense.
 
 Butler, supra
 
 at 554. For reasons discussed more fully in the error patent discussion below, we find that the general rule is applicable and vacate the less severely punishable offense. Therefore, the attempted first degree murder conviction and sentence is affirmed. The conviction and sentence imposed on attempted armed robbery is reversed and vacated.
 

 Error Patent Discussion
 

 We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920.
 
 See State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that there are errors patent which do not require corrective action.
 

 First, we note that the multiple offender bill is not included in the record. According to the commitment, the State filed a multiple bill on March 9, 2009, charging Mr. Garcia as a second felony offender. That bill, however, is not a part of the record. Nonetheless, the multiple-bill hearing occurred on March 9, 2009, where
 
 *29
 
 in the transcript reflects that the State filed the multiple bill into the record. | ^Moreover, the transcript also reflects that Mr. Garcia’s attorney informed the court that she reviewed the multiple bill with him.
 

 Considering the commitment reference and the March 9th transcript reference to the multiple bill coupled with the fact that Mr. Garcia did not object prior to appeal that a written multiple bill had not been filed, this Court will assume that the it was indeed filed.
 
 See State v. Burks,
 
 02-1939 (La.App. 4 Cir. 3/19/03), 843 So.2d 444.
 

 Finally, we note that Mr. Garcia was sentenced to 30 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for attempted first degree murder. However, when resentenced pursuant to the multiple bill, his sentence was imposed without the benefit of probation or suspension of sentence. Contrary to the penalty provision for attempted first degree murder,
 
 [6]
 
 no restriction was placed on parole.
 

 Nevertheless, when a criminal statute requires that all or portion of a sentence, be served without the benefit of probation, parole, or suspension of sentence, La. R.S. 15:301.1(A) provides:
 

 [t]he failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence
 
 shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence,
 
 (emphasis added).
 

 In addition, the Louisiana Supreme Court stated in
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, that in instances where the restrictions are not recited at sentencing, La. R.S. 15:301.1(A) “deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court.” La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction.
 
 Id.
 

 |inDue to the self-activating provision of La. R.S. .15:301.1, Mr. Garcia’s multiple-bill sentence on the attempted first degree murder conviction is also imposed without the benefit of parole, thereby making it the most severely punishable offense.
 

 Conclusion
 

 We find that Mr. Garcia’s convictions and sentences on attempted first degree murder and attempted armed robbery violate the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution of 1974. We, therefore, eliminate the effect of the less severely punishable offense. Accordingly, the conviction and sentence imposed on attempted armed robbery is hereby reversed and vacated. And the conviction and sentence imposed on attempted first degree murder is hereby affirmed.
 

 AFFIRMED IN PART; REVERSED AND VACATED IN PART
 

 [1]
 

 . The transcript from the motion to suppress hearing which was held on October 30, 2008 does not indicate exactly what the statement was. It only indicates that Mr. Garcia gave a brief statement about his involvement.
 

 [2]
 

 . Det. Jeff Adams visited Ms. Robertson at Charity Hospital where she was able to identify Mr. Garcia on August 4, 2005, at 12:15 A.M. from a photographic lineup.
 

 [3]
 

 . In a separate case (case no. 05-5888), Mr. Garcia was also charged with felon in possession of a firearm; possession of hydromor-phone; possession of stolen property; simple escape; and possession of cocaine. The sentences imposed in that case were to run concurrently with the sentences imposed in the present case.
 

 [4]
 

 .The armed robbery offense was amended to attempted armed robbery.
 

 [5]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.
 

 [6]
 

 . See La. R.S. 14:30(C) and La. R.S. 14:27(D)(3).