MURPHY, J.,
dissents with reasons.
Li respectfully dissent; under the facts of this consolidated case, relating to the events of January 28, 2008, the State relied on the same evidence to support defendant Lloyd Richard’s convictions of attempted second degree murder and aggravated burglary, thus violating double jeopardy protections of the United States and Louisiana constitutions. U.S. Const. Amend. 5; La. Const. Art. 1, § 15.
In State v. Garcia, 10-755 (La.App. 5 Cir. 5/10/11), 66 So.3d 24. this Court set forth two tests to be employed in analyzing violations of double jeopardy: the “distinct fact” or Blockburger test; or the “same evidence” test. State v. Williams, 07-931 (La.2/26/08), 978 So.2d 895.
Here, the evidence presented to support the “intent to commit a felony or theft therein” element of aggravated burglary-defendant’s attempts to kill the victim-was the same evidence presented to prove attempted second degree murder. Under these limited facts, the State concedes that the prohibition against double jeopardy precluded using the evidence of defendant’s attempts to kill the victim to support both the attempted murder charge and aggravated burglary’s intent to “commit a felony” element:

Aggravated Burglary

La. R.S. 14:60
(1) Unauthorized entry &
(2) Of an inhabited dwelling &
(3) Person present &
(4) Is or becomes armed or commits a battery &
(5) With specific intent to commit a felony or theft therein.
1 gThe majority contends that Garcia is distinguishable as it relates to a double jeopardy violation based on attempted first degree murder (defendant shot cashier in leg and then shot her two more times before taking cash) having the same underlying facts of armed robbery (defendant took cash from cashier while armed with a firearm), the other charge in that case. This case, the majority argues, has a distinct felony of aggravated burglary that was proven when the defendant broke into the house and armed himself before committing the crime of attempted second degree murder, the other charge in this case.
*97 To the contrary, I find a Garcia analysis of the underlying predicate in the aggravated burglary charge is on point here, in that the facts that were used to prove up the “intended” felony for aggravated burglary, attempting to kill the victim, were the same facts that were used to convict the defendant of attempted second degree murder. The majority seems to fail to appreciate aggravated burglary’s separate specific intent requirement: to commit a theft or felony therein. To use the required felony for aggravated burglary while at the same time charging him with attempted second degree murder patently violates Garcia, supra. The majority reasons as if the defendant had been charged and convicted of attempted second degree murder and unauthorized entry of an inhabited dwelling, La. R.S. 14:62.8, or attempted second degree murder and unauthorized use of a movable, La. R.S. 14:68, additional available offenses which have no intent to commit a felony or theft therein element. As the State did not so charge, no theft was committed, and the State relied on the same facts of attempted second degree murder on both charges, I find that the defendant was twice put in jeopardy for the same facts.
|sThe majority correctly states that the underlying felony predicate for aggravated burglary need not be stated, but it certainly must exist and have been prosecutable as a distinct felony. Consider when the underlying offense is not stated but is distinct nonetheless. In State v. Coates, 27,287, (La.App. 2 Cir. 9/27/95), 661 So.2d 571, 576, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365, the Second Circuit affirmed defendant Coates’s convictions for manslaughter and second degree kidnapping, holding that the conviction for second degree kidnapping, after the previous plea to manslaughter, did not violate double jeopardy as argued by the defense. The appellate court reasoned that the State was not confined to using second degree kidnapping as the underlying felony for the amended charge of manslaughter, but could have used armed robbery or aggravated battery.[1] The facts therein supported either of those additional charges, although the underlying felony predicate was unstated. The court recognized that “defendant’s argument rests upon the assumption that second degree kidnapping was the predicate felony for a conviction of manslaughter.” Id. In fact, the State had other unstated felonies available. The Coates Court further recognized, however, that despite the State’s having other unstated felonies available, “[djouble jeopardy would exist if the State conceded or the record showed that second degree kidnapping was the basis for Coates’s manslaughter plea.” (Emphasis added).
In the instant matter, the State has made such a factual concession, specifying that it “adduced no evidence of any other felony ... other than attempted murder.” After relying on this same evidence for both convictions, the State conceded in this case that it “failed to adduce ^sufficient evidence to convict the defendant of [the separate offense] of aggravated burglary.” [2] No other potential felonies were available under the facts of this case.
*98 The record is replete with the reliance on the same facts to convict defendant on both counts.
STATE IN OPENING:
We are going to prove to you beyond a reasonable doubt that Mr. Lloyd Richard, the gentleman sitting right here, broke into the home of Ms. At-onda Dennis and tried to kill her. And how I’m going to prove that, ladies and gentlemen, is you’ll hear witnesses come from the stand. We are going to call witnesses that will establish in no uncertain terms that on January 26, 2008 at 98202 Central Project Street in Convent, Louisiana the home of Ms. Dennis that Mr. Richard broke in and attempted to kill that lady. (R., p. 307).
* * *
DEFENSE’S CROSS-EXAM OF MS. DENNIS:
Q. So after the incident, was there anything missing from your house?
A. No, he did not steal a thing. He was not there for that. He was there to do just what he tried to do that was to kill me. (R., p. 428).
* * *
STATE’S REBUTTAL ARGUMENT:
It’s an all or nothing case in my opinion. Either he tried to kill her or he didn’t. Either he broke in the house or he didn’t. I see a big hill. And the hill is Ms. Dennis saying I saw the guy, I knew who he was. He was trying to kill me. He was in my house. He didn’t have permission, and he tried to kill me. (R., p. 522).
[[Image here]]
Ladies and gentlemen, as I indicated I think it’s clear as a bell that there is proof beyond a reasonable doubt the Mr. Lloyd did what is alleged he’s done. He broke into the lady’s home, and she indicated he didn’t have permission. He tried to kill her. That can’t happen. He tried to kill her. Beyond a reasonable doubt that is there. I don’t think there is anything we can do about it. It’s done. She survived. He had a tiger by the tail that he could not handle. He’s a small fellow. And he attacked this lady and she fought for her life. (R., pp. 523-24).
| sThe record demonstrates that the testimony, evidence, and argument focus on the single felony of attempted second degree murder.
Double jeopardy protects against multiple punishments for the same offense. U.S. Const. Amend. 5; La. Const. Art. 1 § 15; La. C.Cr. P. art. 591. It can be raised at any time, even on appeal. La. C.Cr.P. arts. 532(1), 591, 594; State v. Lefeure, 00-1142, p. 8 (La.App. 5 Cir. 1/30/01), 778 So.2d 744, 750, writ denied, 01-1440 (La.9/21/01), 797 So.2d 669; and State v. Austin, 04-993 (La.App. 5 Cir. 3/1/05), 900 So.2d 867, writ denied, 05-0830 (La.11/28/05), 916 So.2d 143 (a plea of double jeopardy- had been considered first time on appeal).
As a general rule, “the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” La. C.Cr.P. art. 61. After conviction, the District Attorney is authorized to dismiss an *99 indictment or count thereof on grounds of arrest of judgment under La.C.Cr.P. art. 692(2); double jeopardy is specifically listed as one of eight grounds to arrest judgment. La.C.Cr.P. art. 859(6). Because this Court is authorized to review double jeopardy violations, even on appeal, by force of logic, it should now consider the State’s concession as to the evidence presented. See Coates, supra. Briefs are not part of the record; here, however, the State responded to the appeal on July 27, 2012 conceding the facts presented by the defendant on the constitutional issue currently pending before this Court. This concession in is addition to the nature of the evidence and argument presented on the record at trial.
The Fifth Circuit holding in State v. Lefeure, sivpra, distinguishes between offenses relying on the same facts and thus violating double | jeopardy protections and offenses relying on different facts which do not violate double jeopardy protections. In Lefeure, the defendant was charged with three offenses: armed robbery of the salesperson at a daiquiri shop; aggravated burglary of the store; and second degree kidnapping of the same armed robbery victim. This Court found that convictions of armed robbery and aggravated burglary did not violate double jeopardy as the aggravated burglary was completed (unauthorized entry into store, with intent to commit a felony therein, while armed with a gun), before the armed robbery (defendant forced employee at gunpoint to turn over money) was then committed. Id. at 751. This Court found, however, that as to the convictions for armed robbery and second degree kidnapping, the result was different, since the same evidence to support the conviction of armed robbery was used to support the conviction of second degree kidnapping. Id. at 752. The Fifth Circuit ruled that under the “same evidence” test, as set forth in Garcia, 66 So.3d at 27, the two were the same offense:
[w]hen defendant entered Cox’s vehicle armed with a dangerous weapon and forced Cox to drive him somewhere, he simultaneously committed the acts which could have supported a conviction for either offense.... In presenting the facts to prove one offense, the other offense is simultaneously established. Therefore, since the same evidence will support a conviction for either offense, the Defendant cannot be put in jeopardy for the two separate offenses. Lefeure, 778 So.2d at 753.
The instant case is on point with the finding of double jeopardy in Lefeure. The same evidence of defendant’s entering Alonda Dennis’s dwelling without authorization and arming himself with a dangerous weapon, with intent to commit murder — the felony intent element of aggravated burglary as stipulated by the State-supports convictions for both offenses, aggravated burglary and attempted second degree murder.
| r,See also State v. Miller, 571 So.2d 603 (La.1990) (person acquitted of attempted rape could not subsequently be prosecuted for simple kidnapping where one element of the simple kidnapping allegation was the intent to commit the rape); State v. Burton, 649 So.2d 694 (La.App. 3 Cir.1994) (conviction of second degree kidnapping and attempted forcible rape impermissible); State v. Lockhart, 457 So.2d 176 (La.App. 2 Cir.1984) (under facts of the case a prosecution for attempted forcible rape was precluded by a previous prosecution for aggravated burglary); and State v. Powell, 598 So.2d 454 (La.App. 2 Cir.1992), writ denied, 605 So.2d 1089 (La.1992) (armed robbery conviction and aggravated battery conviction violated double jeopardy as evidence of the robbery also proved the battery).
*100 Based on the above, in my review of the trial record and the State’s concession, the same evidence was used to support both convictions. Defendant here was subjected to double jeopardy. Thus, in addressing assignment of error number one, I would vacate the conviction and the sentence of the less severely punishable offense of aggravated burglary and affirm the conviction and sentence of the more severely punishable offense of attempted second degree murder. See State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990). This would then moot the sentencing issues presented in assignments of error two and three.

. Under La. R.S. 31(A)(2)(a), manslaughter is:
(2) A homicide committed, without any intent to cause death or great bodily harm (a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person.”
(Emphasis added).

. In its brief, the State explicitly:
acknowledges that defendant's convictions for aggravated burglary and attempt second degree murder violate the prohibition against double jeopardy under the facts and *98 circumstances adduced at trial herein. (State's Br. at 8).
[T]he State adduced no evidence of any other felony committed inside Ms. Dennis' home other than attempted murder. Accordingly, the State would agree that it failed to adduce sufficient evidence to convict defendant of aggravated burglary. (State's Br. at 11).